# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **BRANDI WIGGINS,** *et al.*, ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:23-00226-N |
| ) | |
| **JAMES WARD,** *Conecuh County Jail* ) | |
| *Administator*, *et al.*, ) | |
|     Defendants. ) | |

## ORDER

The Plaintiffs initiated this civil action by filing a complaint on June 16, 2023. *See* (Doc. 1); Fed. R. Civ. P. 3. On August 4, 2023, Defendants James Ward and Randy Brock filed a motion to dismiss the initial complaint under Federal Rule of Civil Procedure 12(b)(6) (Docs. 8, 10).[1] On August 24, 2023, the Plaintiffs timely amended their complaint once as a matter of course under Federal Rule of Civil Procedure 15(a)(1). (*See* Doc. 13). As a result of the amendment, the Rule 12(b)(6) motion to dismiss is now directed at a pleading that is no longer operative. *See Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (per curiam) ("As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'" (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation omitted))); *Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an

---

[1] The remaining defendant, Antonio Smith, does not yet appear to have been served, and to date has not answered or otherwise appeared.

amended complaint supersedes the original complaint."). In light of this, and in Rule 15(a)(1)'s purpose, *see* Fed. R. Civ. P. 15(a)(1) advisory committee's note to 2009 amendment (stating that the current version of Rule 15(a)(1) was enacted to "force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in [a Rule 12(b), (e), or (f)] motion[, as a] responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim"),[2] the Rule 12(b)(6) motion to dismiss the initial complaint (Doc. 8) is **MOOT**, **without prejudice** to the movants' ability to raise the arguments therein in a new motion directed at the first amended complaint, if appropriate.[3] The Defendants' responses to the first amended complaint are due in accordance with Federal Rule of Civil Procedure 15(a)(3).

**DONE** and **ORDERED** this the **25th** day of **August 2023**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The undersigned expresses no opinion on whether the first amended complaint would still be subject to dismissal for any of the reasons stated in the present motion to dismiss.

[3] *See Florence v. Stanback*, 607 F. Supp. 2d 1119, 1120-21 (C.D. Cal. 2009) (holding that magistrate judge did not exceed jurisdiction by denying a motion to dismiss without prejudice to the defendants' ability to raise the same issues in another motion).