IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BRANDI WIGGINS,** *et al.*, ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:23-00226-JB-N |
| ) | |
| **JAMES WARD,** *Conecuh County Jail* ) | |
| *Administrator*, *et al.*, ) | |
| Defendants. ) | |

## ORDER

This civil action is before the Court on the "Renewed Motion to Stay All Proceedings" filed May 13, 2025, by Defendant Antonio Smith (Doc# 58).[1] Said motion has been fully briefed (*see* Docs# 59, 61) and is ripe for disposition. Upon due consideration, the renewed motion to stay is due to be **DENIED**.

### I.     Procedural Background

This is Smith's second motion to stay all proceedings in this action. When the first motion to stay (Doc# 26) was filed, the then-operative First Amended Complaint (Doc# 13) alleged that Smith sexually assaulted both Plaintiffs while they were inmates, and he was a corrections officer, at the Conecuh County (Alabama) Jail, and asserted a cause of action against Smith in his individual capacity under 42 U.S.C. § 1983 for violation of the Plaintiffs' substantive due process rights under the Fourteenth Amendment to the U.S. Constitution. That complaint also asserted the

---

[1] The assigned District Judge has referred said motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (5/13/2025 electronic reference notation).

same cause of action against the other two Defendants, Conecuh County Jail Administrator James Ward and Conecuh County Sheriff Randy Brock, claiming they are both liable in a supervisory capacity. Smith's first motion to stay represented that he had been criminally indicted in Conecuh County state court, Case No. CC-2023-000013.00, in connection with his alleged assault of Plaintiff Brandi Wiggins, and that he "pled not guilty to th[o]se serious charges…" (Doc# 26, PageID.147). The first motion asked "the Court to stay these proceedings pending resolution of the underlying criminal case" to protect "his constitutional rights in that matter, including his right to a fair trial," and his right against self-incrimination. (*Id.*, PageID.147-148). Following briefing on the first motion to stay, on April 9, 2024, the undersigned granted it in part, staying all proceedings except for disposition of Ward and Brock's then-pending Federal Rule of Civil Procedure 12(b)(6) motion to dismiss the first amended complaint. (*See* Doc# 33).

After holding a hearing on the motion to dismiss, the presiding District Judge mooted out the motion and directed the Plaintiffs to file a second amended complaint (*see* Doc# 38), which the Plaintiffs timely did (*see* Doc# 39). Smith filed an answer (Doc# 48) to the second amended complaint, but Ward and Brock moved to dismiss that complaint under Rule 12(b)(6) as well (*see* Docs# 41, 42). Following briefing and a hearing, the District Judge granted Ward and Brock's motion to dismiss the second amended complaint on March 31, 2025 (*see* Doc# 55), leaving Smith as the only defendant with claims pending against him. The following day, the undersigned entered an order lifting the first stay and directing the parties to prepare and submit

a new planning report under Federal Rule of Civil Procedure 26(f). (*See* Doc# 56). The parties timely complied (*see* Doc# 57), but before the undersigned could act on the new planning report, Smith filed the present renewed motion to stay. The present motion rests on largely the same grounds as Smith's first motion to stay. It also represents that Smith's state criminal case concerning his alleged assault of Wiggins remains pending as of the motion's filing, but that no new charges involving the allegations against Smith in this action have been brought. In a May 1, 2025 filing, Smith's counsel reported, based on his inquiries, "that the earliest available criminal docket at which the corresponding criminal case could be tried is November 17, 2025." (Doc# 57, PageID.355). No further updates on the status of Smith's state criminal case have been provided since briefing on the present motion closed.

## II.   Analysis

"It is settled that the fifth amendment privilege against self-incrimination permits a person 'not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.' " *Erwin v. Price*, 778 F.2d 668, 669 (11th Cir. 1985) (quoting *Lefkowitz v. Turley*, 414 U.S. 70, 77, 94 S. Ct. 316, 322, 38 L. Ed. 2d 274 (1973)). *See also McCarthy v. Arndstein*, 266 U.S. 34, 40, 45 S. Ct. 16, 69 L. Ed. 158 (1924) ("[T]he constitutional privilege against self-incrimination…is not ordinarily dependent upon the nature of the proceeding in which the testimony is sought or is to be used. It applies alike to civil and criminal proceedings, wherever the answer might tend to subject to criminal responsibility him who gives it. The privilege

3

protects a mere witness as fully as it does one who is also a party defendant."). And "[c]ertainly, a district court may stay a civil proceeding during the pendency of a parallel criminal proceeding." *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983) (citing *SEC v. First Financial Group of Texas, Inc.*, 659 F.2d 660, 668 (5th Cir. Oct. 21, 1981)). However, "a blanket assertion of the privilege is an inadequate basis for the issuance of a stay." *United States v. Lot 5, Fox Grove, Alachua Cnty., Fla.*, 23 F.3d 359, 364 (11th Cir. 1994). "Rather, a court must stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require in the 'interests of justice.' " *Id.* (quoting *United States v. Kordel*, 397 U.S. 1, 12 & n.27, 90 S. Ct. 763, 769-70 & n.27, 25 L. Ed. 2d 1 (1970)).[2] *See also Little Al*, 712 F.2d 133, 136 (5th Cir. 1983) ("[A] stay [of] civil proceeding during the pendency of a parallel criminal proceeding…contemplates 'special circumstances' and the need to avoid 'substantial and irreparable prejudice.' [*First Financial Group of Texas*, 659 F.2d at 668]. The very fact of a parallel criminal proceeding, however, did not alone undercut Pollard's privilege against self-incrimination, even though the pendency of the criminal action 'forced him to choose between preserving his privilege against self-incrimination and losing the civil suit.' *Hoover v. Knight*, 678 F.2d 578, 581 (5th Cir. 1982). This case hardly presents the type of circumstances or prejudice that

---

[2] For example, in affirming a district court's denial of a motion to stay civil enforcement proceedings brought by the Securities and Exchange Commission pending the defendant's ongoing criminal case, the Eleventh Circuit Court of Appeals found "no 'special circumstances' existed…warranting a stay, as there is no record evidence suggesting the Government had brought the civil case solely to obtain evidence for the criminal prosecution or that the criminal case against him was unconstitutional or inappropriately instituted." *S.E.C. v. Wright*, 261 F. App'x 259, 263 (11th Cir. 2008) (per curiam) (unpublished).

require a stay." (quoted favorably in *Lot 5, Fox Grove*, 23 F.3d at 364)).

Indeed, "[t]he general rule provides 'that the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them.' " *United States v. Premises Located at Route 13*, 946 F.2d 749, 756 (11th Cir. 1991), *as amended* (Nov. 5, 1991) (quoting *United States v. A Single Family Residence & Real Property,* 803 F.2d 625, 629 n.4 (11th Cir. 1986)). There is "an exception to this general rule: the Fifth Amendment is violated when a person, who is a defendant in both a civil and a criminal case, is forced to choose between waiving his privilege against self-incrimination or losing the civil case on summary judgment." *Id.* (citing *Pervis v. State Farm Fire & Cas. Co.*, 901 F.2d 944 (11th Cir. 1990)). "However, to trigger this rule, the invocation of the privilege must result in an adverse judgment, not merely the loss of his most effective defense. Stated plainly, the rule applies when the invocation of the privilege would result in automatic entry of summary judgment." *Id.* (citation and quotations omitted). Thus, "[t]he court may deny a stay so long as the privilege's invocation does not compel an adverse judgment against the claimant." *Lot 5, Fox Grove*, 23 F.3d at 364 (citing *Premises Located at Route 13*, 946 F.2d at 756).

Smith's present motion is long on citations to case law,[3] but short on articulating "special circumstances" particular to this case suggesting that the

---

[3] Smith relies significantly on decisions of the Alabama Supreme Court. However, that case law is not binding on this Court on the present procedural issue, and to the extent it more liberally favors stays of civil actions in the face of a defendant's parallel criminal proceedings, it is inconsistent with the above-cited circuit precedent holding that such stays must generally be justified by "special circumstances."

5

"interests of justice" would favor a stay. Rather, Smith's briefing speaks in generalities applicable to any defendant who finds himself subject to simultaneous criminal and civil proceedings based on the same acts, amounting to "a blanket assertion of [his Fifth Amendment] privilege." The Eleventh Circuit has held that such "blanket assertions" are insufficient to justify stays of civil proceedings pending simultaneous or anticipated criminal proceedings involving the same conduct, even when the same government is pursuing both actions. *Lot 5, Fox Grove*, 23 F.3d at 361-65 (affirming denial of stay of federal civil forfeiture action against property until resolution of an "expected criminal prosecution" for federal narcotics offenses that were the basis for the forfeiture action); *Wright*, 261 F. App'x at 262-63 (affirming denial of stay of SEC civil enforcement action for violations of federal securities law where defendant also had federal criminal case pending against him based on same violations). *See also Little Al*, 712 F.2d at 135 (Fifth Circuit affirmed denial of stay of federal civil forfeiture action brought against fishing vessels used in drug smuggling where person claiming an ownership interest in them was also being tried on federal drug charges arising from the same operation).

The Federal Rules of Civil Procedure already protect a party's right to withhold evidence based on privilege, including the privilege against self-incrimination. The Rules limit the scope of discovery in a civil action to only "nonprivileged matter," *see* Fed. R. Civ. P. 26(b)(1),[4] and provide a mechanism for withholding information based

---

[4] The Rules governing the various kinds of discovery requests incorporate this limitation. *See* Fed. R. Civ. P. 33(a)(2) ("An interrogatory may relate to any matter that may be inquired into under Rule 26(b)."); Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request [for production, inspection, or entry] within the scope of Rule 26(b)…");

6

on privilege, *see* Fed. R. Civ. P. 26(b)(5)(A). The Rules also permit deponents not to answer questions at depositions "when necessary to preserve a privilege…" Fed. R. Civ. P. 30(c)(2). Smith's briefing gives no indication why these Rules are not adequate to protect his privilege against self-incrimination.[5]

At present, any possibility that Smith's invocation of his Fifth Amendment privilege "would result in automatic entry of summary judgment" is speculative at best. The Plaintiffs have not given any indication that they will in fact seek summary judgment on their claims against Smith, and the success of any such motion would be far from certain. As noted in the prior stay order, absent the discovery of indisputable photographic or video evidence, this case appears to turn almost entirely on the Plaintiffs' versions of events against Smith's, along with the testimony of any corroborating witnesses who may be discovered. When a plaintiff and defendant offer contrary versions of an event, that generally presents "a classic swearing match" that is appropriately resolved at trial rather than on summary judgment. *Sears v. Roberts*, 922 F.3d 1199, 1208 (11th Cir. 2019). In the event the Plaintiffs do seek summary judgment, and Smith finds himself unable to oppose it without waiving his Fifth

---

Fed. R. Civ. P. 36(a)(1) ("A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)…").

[5] To the extent Smith is concerned that opposing counsel may inundate him with requests regarding obviously privileged matters, in an attempt to drive up his expenses to defend this action and wear him down, appropriate sanctions may be imposed for such vexatious behavior. *See, e.g.*, 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.").

Amendment privilege, he may at that time renew his motion for a stay, or perhaps move to defer or deny the motion under Federal Rule of Civil Procedure 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: []defer considering the motion or deny it[, or] issue any other appropriate order.").

Moreover, one of the factors that weighed in favor of the prior stay—the pendency of Smith's co-defendants' Rule 12(b)(6) motion to dismiss[6]—is no longer in play, as the Court has since dismissed the claims against the co-defendants. And another factor that weighed in favor of the prior stay—to allow time for resolution of Smith's state criminal proceedings—weighs less in favor of a renewed stay with the passage of time. Over a year and a half after the prior stay was imposed, Smith's criminal proceedings remain pending with no definite end in sight—there is no indication that the charges will soon be resolved through plea agreement or dismissal, and trial of the matter has been anything but speedy (to say nothing of any possible appeals). *See Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000) (per curiam) ("When a district court exercises its discretion to stay a case pending the resolution of related proceedings in another forum, the district court must limit properly the scope of the stay. A stay must not be immoderate…We conclude that the stay ordered by the district court in this case is immoderate and, therefore, an abuse of discretion. []The scope of the stay ordered by the district court

---

[6] *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should…be resolved before discovery begins." (footnote omitted)).

seems indefinite. The stay, by its own terms, remains in effect until the 'Bahamian Courts conclude their review.' The stay appears to expire only after a trial of the Bahamian case and the exhaustion of appeals in that case. In addition, contrary to the district court's assessment of the Bahamian litigation, the record indicates that the Bahamian case is not progressing quickly. We conclude, therefore, that the stay is indefinite in scope" (quotation omitted)). The further passage of time will also prejudice the Plaintiffs, as memories fade, and evidence and witnesses become unavailable or more difficult to find.[7]

### III.   Conclusion

For the foregoing reasons, Smith's "Renewed Motion to Stay All Proceedings" filed May 13, 2025 (Doc# 58), is **DENIED**.

**DONE** and **ORDERED** this the **12th** day of **December 2025**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[7] To the extent any findings or conclusions of law in this order conflict with those justifying the prior stay, it would not compel a different result from that reached by this order or render its reasoning infirm. Until all claims in a civil action have been adjudicated, or the Court has expressly directed entry of final judgment on fewer than all claims, a district court may "at any time" revise "any order or decision…" Fed. R. Civ. P. 54(b). Here, the Plaintiffs claims against Smith remain pending, and the Court has not directed entry of final judgment on the dismissed claims against the co-defendants. Moreover, the first stay order relied significantly on the reasoning of a single non-binding district court case—which itself relied on non-binding out-of-circuit case law—largely because the parties agreed to the application of those factors in adjudicating the first stay motion. The undersigned has reached this decision based on the alternative case law cited herein, which includes binding decisions of the Eleventh Circuit, as well as the changed circumstances discussed.